[No. 6415. Decided September 28, 1907.]

THE STATE OF WASHINGTON, *on the Relation of E. A. Shores et al., Plaintiff,* v. E. W. ROSS, *as Commissioner of Public Lands, Respondent.*[1]

PUBLIC LANDS—TIDE LANDS—SALES—APPLICATION—IMPROVEMENTS. Upon application for a sale of state tide lands, the applicant must advise the board of land commissioners of the true condition of the lands with respect to improvements, and it is no excuse that he claims the improvements thereon to be not of the character contemplated by the statute, or that he was not advised thereof.

SAME—COLLUSION AT SALE—EVIDENCE—SUFFICIENCY. The evidence sufficiently shows collusion among bidders at a sale of state tide lands, warranting a refusal to deliver a deed therefor, where it appears that the applicant and two real estate speculators were the only bidders present at the sale, that after consultation among them, one of the speculators withdrew, and that three lots of the value of $2,000 were struck off for $87.50, one to the applicant and two to the other speculator, who immediately directed receipts to be made to the applicant, whose representative then signed an agreement to pay $500 for services, $200 of which was to go to one of the speculators and $300 to the other.

Application filed in the supreme court September 17, 1906, for a writ of mandate to compel the commissioner of public lands to deliver a deed to tide lands, after confirmation of sale. Writ denied.

*Wm. H. Pratt* and *Walter Loveday,* for relators.

*The Attorney General* and *A. J. Falknor, Assistant (E. M. Hayden,* of counsel), for respondent.

CROW, J.—This original proceeding, being an application for a writ of mandamus to compel the respondent to deliver to the relator, E. A. Shores, a deed for certain first-class tide lands, has heretofore been presented to this court, and in a written opinion in 44 Wash. 246, 87 Pac. 262, where a com-

[1]Reported in 91 Pac. 762.

plete statement may be found, it was directed that the superior court for Pierce county take evidence, make findings of fact, and certify the same to this court. In pursuance thereof, the cause came on for hearing in due course before the Honorable W. O. Chapman, judge of the superior court, and the evidence taken before him, together with his findings thereon, having been certified to this court, the entire cause is now before us for final disposition. The honorable superior judge found (1) that the relator E. A. Shores, in his application for a sale of the tide lands, made misrepresentations as to possession and improvements, and (2) that at the tide land sale there was collusion between the relator and other bidders. Having carefully examined all the evidence, we accept and approve these findings. On January 9, 1906, the relator made a written application to the board of state land commissioners for a public sale of the tide lands, in which he stated that the lands were not in the possession of any person, and that no improvements were situated thereon. The evidence shows that they were then occupied by the North Shore Lumber Company, in connection with its sawmill, such occupancy being so open and notorious that any person could have easily learned thereof had he so desired. The relator in his application also represented that no improvements were located on the tide lands, but the superior court found there were improvements of the value of $500.

The relator now contends that it was not necessary for him to mention in his application the improvements shown by the evidence, as they were not such as are contemplated by the statute. It is unnecessary for us to pass upon this contention. It was needful and proper that the board of land commissioners should be advised of the true condition of the lots by the written application, not only as to possession, but also as to existing improvements, whether such improvements came within the statutory requirement or not, and it was the relator's duty to fully state all the facts in that regard. He

now contends that he did not have actual knowledge of the exact condition of the lands as to possession or improvements, and that he has not been guilty of wilful misrepresentation. Accepting this statement as true, he was then in no position to prepare and present a proper application to the board of state land commissioners, but should have deferred making his application until he could first examine the property and become fully advised as to the situation.

The finding that collusion existed between the relator and other bidders at the sale of June 30, 1906, is clearly sustained. The collusion shown was of such a character that, under our former opinion, we are now compelled to deny the writ, without regard to the misrepresentations as to possession or improvements. The evidence shows, that the relator was represented at the sale by his son, E. Arthur Shores, and his son-in-law, one Eldridge; that one Lay and one Haller, real estate speculators, were present; that Lay had called upon E. Arthur Shores the day previous, and advised him of his intention to bid; that at the sale a consultation took place between Shores, Eldridge, Haller, and Lay; that Haller withdrew, after stating that he would be satisfied with whatever Mr. Lay might do; that Eldridge, being the only bidder therefor, purchased lot 1; that Lay purchased lot 2 after slight competitive bidding; that he also purchased lot 3, being the only bidder therefor; that the total purchase price for all three lots was $87.52; that as shown by the evidence of disinterested expert witnesses the three lots were, on the day of sale, worth at least $2,000, market value; that a few minutes after the sale, Eldridge and Lay directed the county auditor to make receipts for the entire purchase price to the relator, and that E. Arthur Shores thereupon executed and delivered to Lay an instrument reading as follows:

"Tacoma, Wn., June 30, 1906.

"For services rendered and lots delivered after deeds are obtained, I hereby agree to pay L. D. Lay five hundred dollars.

E. A. Shores."

The evidence fails to accurately declare what services were rendered by Lay to Shores. Lay and Haller had an agreement by which the one was to receive $200 and the other $300 of this sum. All the parties above mentioned deny any consultation at the sale or collusion in the matter of bids, but the purchase of the property at an exceedingly low figure and the $500 bonus to Lay, agreed upon immediately thereafter, are utterly unexplained, as likewise are other suspicious circumstances disclosed by the evidence. Applying the law of this case, as settled by our former opinion, to the evidence and facts now before us, we cannot award the relator any relief.

The writ is denied.

HADLEY, C. J., MOUNT, ROOT, and DUNBAR, JJ., concur.